UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL MORRILL, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:18-cv-00169-JAW<br>1:18-cv-00213-JAW |
| HEATHER SKOLFIELD, et al., | ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINTS
PURSUANT TO 28 U.S.C. §§ 1915(e)**

In each of the above-captioned actions, Plaintiff Daniel Morrill challenges the constitutionality of the statutes pursuant to which the Maine state court imposed certain restrictions on him in the context of protection from abuse proceedings initiated by Defendant Heather Skolfield, which restrictions include a prohibition on Plaintiff's ability to possess a firearm and a limitation on his ability to file further actions against Defendant Skolfield. Plaintiff also seeks injunctive relief to prevent the Maine Attorney General and Commissioner of Public Safety, also named as defendants, from enforcing the restrictions.

In addition to his complaints, in each case, Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), an ex parte motion for leave to file his complaint[1] (ECF Nos. 5/6),[2] and an ex parte motion for a temporary restraining order. (ECF Nos. 6/7.) The

---

[1] The motion for leave to file evidently reflects Plaintiff's effort to comply with the filing restriction imposed by the state court.

[2] When referencing the similar or same documents filed in both cases, the first reference shall be to the docket in case number 18-169 and the second reference shall be to the docket in case number 18-213.

Court granted Plaintiff's motions to proceed in forma pauperis. (Order, ECF Nos. 7/8.) Plaintiff also filed a motion to combine federal cases, which motion is docketed in case number 18-213. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaints is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaints, I recommend the Court dismiss Plaintiff's complaints, and moot the motions for leave to file complaint, the motions for temporary restraining order, and the motion to combine federal cases.

### STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto*

to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

In addition to stating a plausible claim, Plaintiff must assert a claim within the Court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016).

**FACTUAL BACKGROUND**

**Case No. 1:18-cv-00169**

In November 2012, Defendant Skolfield filed a complaint for protection from abuse against Plaintiff. Following a final hearing in January 2013, the Maine District Court found Plaintiff had stalked Defendant Skolfield, and imposed a two-year protective order that included a prohibition on the possession of firearms. (Complaint ¶¶ 9 – 18, ECF No. 1; Order, ECF No. 1-2)

In April 2015, Defendant Skolfield filed another complaint against Plaintiff for protection from abuse. The state court again entered a two-year protective order based on a finding that Plaintiff had stalked Defendant Skolfield; the court prohibited Plaintiff from possessing firearms. (*Id.* ¶¶ 25 – 35; Order, ECF No. 1-8.) In December 2015, the court modified the protective order to prohibit Plaintiff from initiating legal proceedings against Defendant Skolfield in any court in the State of Maine, without prior court approval. (Complaint ¶¶ 38 – 39; Orders, ECF Nos. 1-9, 1-10.)

In May 2016, Defendant Pine Tree Legal Assistance entered an appearance for Defendant Skolfield, and filed a motion to extend the protective order. (Complaint ¶¶ 42 – 43.) In the proceeding, Plaintiff filed a motion to remove the prohibition against possession of firearms on the ground that he and Defendant Skolfield were never in a domestic relationship described under 18 U.S.C. § 921(a)(32) or 19-A M.R.S. § 4002. (*Id.* ¶ 44.) On May 15, 2017, following a hearing, the court found that Plaintiff had stalked Defendant Skolfield for 20 years, and extended the order and the existing prohibitions for a period of ten years. (*Id.* ¶¶ 53, 54, 58, 59; Hearing Transcript, ECF No. 1-14 at 67-68; Order, 1-15.) Plaintiff appealed to the Maine Supreme Judicial Court ("Law Court"); the Law Court affirmed the District Court's order. (Complaint ¶¶ 63 – 64; Mem. Dec. dated March 6, 2018, ECF No. 1-17.)

## Case No. 1:18-cv-00213

Plaintiff's more recent complaint repeats most of the background factual allegations found in his prior complaint. Plaintiff further notes that on May 16, 2018, the Law Court denied his motion for reconsideration. (Complaint ¶ 64.)

## PLAINTIFF'S CLAIMS

In his initial complaint, Plaintiff challenges the constitutionality of several provisions of Maine's Protection from Abuse statute, 19-A M.R.S. § 4001 – 4014. Plaintiff maintains that the statute, on its face and as applied to him, violates the Due Process Clause of the Fourteenth Amendment, the Petition Clause of the First Amendment, the Second Amendment, and the Equal Protection Clause of the Fourteenth Amendment. In support of his contentions, Plaintiff argues that the state court lacks the authority to impose a firearm restriction when the parties are not domestic partners and when the court has not made a finding that the prohibited party poses a credible threat related to the use of a firearm. Plaintiff also argues that the restrictions limiting his ability to initiate further actions involving Defendant Skolfield are unconstitutional.

Plaintiff asserts three counts pursuant to 42 U.S.C. § 1983 against the State of Maine, its Attorney General and Public Safety Commissioner, three § 1983 counts against Pine Tree Legal Assistance, and three counts under § 1983 and one count of fraudulent misrepresentation against Defendant Skolfield.

In the complaint in case number 18-213, Plaintiff focuses his challenge to the protection from abuse statute on sections 4005(1) and 4007(1), and expands his constitutional challenge to include the Maine stalking statute, 17-A M.R.S. § 210-A. Plaintiff asserts one claim pursuant to § 1983 against each Defendant, and does not assert a state law claim against Defendant Skolfield.

## DISCUSSION

**A.     The State of Maine**

Plaintiff attempts to assert a claim under § 1983 against the State of Maine. The State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment.").[3] Additionally, the State of Maine and its agencies are not "persons" subject to suit under § 1983. *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)).

**B.     The Maine Attorney General and the Maine Commissioner of Public Safety**

Plaintiff asks the Court to order the Maine Attorney General and the Maine Commissioner of Public Safety not to "enforce, arrest or prosecute any individual" for violation of an order for protection from abuse, to the extent the order prohibits a non-domestic partner from possessing a firearm, regardless of whether a credible threat or stalking finding was made, or prohibits the initiation of legal action without court permission. (Complaint in 18-169 at 23, 25, 27; Complaint in 18-213 at 17.)

---

[3] "[T]he [Supreme] Court long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987).

In an official capacity claim against a state office holder, a federal court may only award prospective injunctive relief against the office holder. *Hutto v. Finney*, 437 U.S. 678, 690 (1978) (citing *Ex parte Young,* 209 U.S. 123 (1908)). Prospective injunctive relief is not barred by the Eleventh Amendment based on the idea that "when a federal court commands a state official to do nothing more than refrain from violating federal law, [the official] is not the State for sovereign-immunity purposes." *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011). Although the Eleventh Amendment does not preclude the claims against the Maine Attorney General and Commissioner of Public Safety, Plaintiff's claims are nevertheless barred.

**1. Prohibition against the filing of litigation**

The order for protection from abuse prohibits Plaintiff from "initiating any legal action, notice, subpoena, [or other] filing as provided in supplemental order dated 12/7/15." (Order for Protection from Abuse, ECF Nos. 15/14.) In the Maine District Court's Supplement to Amended Order on Plaintiff's Motion to Modify (ECF No. 1-10/1-9), the court noted the court's earlier finding that Plaintiff had stalked Defendant Skolfield for nearly two decades through "a course of conduct directed at [Defendant Skolfield] that would cause a reasonable person to suffer serious emotional distress and also to fear bodily injury." (*Id.* at 1.) The court also found that Plaintiff had filed various forms of legal process against Defendant Skolfield, including civil claims of defamation and fraudulent misrepresentation, in which litigation Plaintiff initiated discovery directed to aspects of Plaintiff's personal life that had no logical connection to the asserted claims. (*Id.* at 2.) After concluding that Plaintiff's approach to the litigation constituted a form of harassment,

the court imposed a *Spickler* order,[4] which prohibited Plaintiff from filing process against Defendant Skolfield without prior approval of the court. (*Id.* at 3.)

Preliminarily, the state court's *Spickler* order does not appear to present a ripe controversy in the context of Plaintiff's claims against the Attorney General and the Commissioner of Public Safety. Presumably, the state court, and not the Maine Attorney General or Commissioner of Public Safety, would enforce the *Spickler* order.

Regardless of the role of the Maine Attorney General or the Commissioner of Public Safety in the enforcement of the restriction, the claim is precluded by the *Rooker-Feldman* doctrine.[5] This Court lacks jurisdiction to act as an appellate court to review the rulings of state courts. The only federal court with such authority is the United States Supreme Court. *Silva v. Massachusetts*, 351 Fed. App'x 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam)); *see also Lance*, 546 U.S. at 460 ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005)). In this case, Plaintiff in essence challenges the factual findings of the state trial court and the

---

[4] *Spickler v. Key Bank of S. Me.*, 618 A.2d 204, 207 (Me. 1992) (court may "enjoin a party from filing frivolous and vexatious lawsuits" based on "a detailed showing of a pattern of abusive and frivolous litigation").

[5] The *Rooker–Feldman* doctrine draws its name from two Supreme Court cases, *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Law Court's assessment of his legal challenge to the findings and the proceedings. The *Rooker-Feldman* doctrine deprives this Court of jurisdiction to provide Plaintiff the relief he seeks. [6] *See McKenna v. Curtin*, 869 F.3d 44 (1st Cir. 2017); *Mills v. Calero*, No. 1:11-cv-00470-JAW, 2013 WL 12131588, at *7 (D. Me. Mar. 7, 2013), *aff'd*, 733 F.3d 28 (1st Cir. 2013); *Tyler v. Supreme Judicial Court of Mass.*, 292 F. Supp. 3d 555, 559 (D. Mass. 2018).

### 2. Prohibition against Possession of Firearms

Plaintiff challenges the imposition of the firearm prohibition based on state law, federal law, and his rights under the Second Amendment. Because Maine can regulate firearms possession,[7] the issue is whether the threat of state enforcement of a state court order prohibiting Plaintiff's possession of a firearm violates Plaintiff's rights under the Second Amendment as applied to the states through the Fourteenth Amendment, and/or violates Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment (on void-for-vagueness grounds), because the Maine Protection from Abuse statute and/or Stalking statute did not provide fair notice that the right to possess firearms could be

---

[6] If the Court had jurisdiction, Plaintiff's First Amendment challenge would fail on the pleading. It is well established that courts have "powers to regulate the conduct of abusive litigants," provided that "the restrictions imposed [are] tailored to the specific circumstances presented" and the litigant receives "notice that filing restrictions were contemplated" and "an opportunity to respond before the restrictive filing order was entered." *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 – 35 (1st Cir. 1993). The filing restriction Plaintiff challenges is narrowly tailored to restrict litigation instituted by Plaintiff against Defendant Skolfield. Given the circumstances alleged in the complaint and as reflected in the documents attached to the complaint, Plaintiff has failed to state an actionable claim for the violation of his rights under the First Amendment Petition Clause.

[7] The federal gun law does not prevent the states from engaging in firearm regulation. *Fletcher v. Haas*, 851 F. Supp. 2d 287, 304 (D. Mass. 2012) ("Congress could not have been more explicit when enacting the federal statute regulating firearms; it made clear that states would retain the authority to regulate firearms possession[.]" (referencing 18 U.S.C. § 927)).

restricted, as applied to someone in Plaintiff's position (i.e., a person who is not a domestic partner of the complainant).

First, absent an allegation by Plaintiff that he intends to possess one or more firearms, there is arguably no justiciable controversy for this Court to address. *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979) (noting in the First Amendment context that access to "preventive relief" in court is available "[w]hen the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed …"); *Stern v. U.S. Dist. Court for Dist. of Mass.*, 214 F.3d 4, 11 (1st Cir. 2000) ("In a pre-enforcement challenge to a law carrying significant penalties, standing exists when the plaintiff has manifested an intention to engage in conduct arguably proscribed by the statute, and there exists a 'credible threat' of enforcement."); *Dee v. United States*, 241 F. Supp. 2d 50, 51 (D. Me. 2003). Here, Plaintiff has not expressly alleged that he had to relinquish a firearm or that he intended to obtain a firearm. In fact, in his motion in state court to waive the prohibition, Plaintiff represented that he did not own or possess a firearm. (Permission to File Motion for Firearm Waiver, ECF Nos. 1-13/1-12.)

Even if the claim were deemed justiciable, or if Plaintiff amended the complaints to cure any defect in the pleading, Plaintiff's claim is barred under *Rooker-Feldman*. The First Circuit recently reiterated the scope and significance of the *Rooker-Feldman* doctrine, and its reasoning is instructive in this case. In *McKenna v. Curtin*, 869 F.3d 44 (1st Cir. 2017), the First Circuit, relying on the *Rooker-Feldman* doctrine, affirmed the dismissal of the plaintiff's claim that the proceedings that resulted in a state court order suspending him

from the practice of law violated his rights under the First, Seventh, and Fourteenth Amendments to the United States Constitution. The First Circuit reasoned that because the plaintiff complained of harm arising from a state court order, and asked the federal district court "to countermand that order," his claim was "precisely the 'functional equivalent of an appeal' that the *Rooker-Feldman* doctrine forbids." *Id.* at 48 (quoting *Badillo-Santiago v. Naveira-Merly*, 378 F.3d 1, 6 (1st Cir. 2004)). [8] The Court further noted that to adjudicate the plaintiff's claim "would necessarily require reviewing the merits of the [state court's] decision, thus violating the *Rooker-Feldman* doctrine." *Id.* Similar reasoning precludes Plaintiff from proceeding on his two complaints in this Court. That is, because Plaintiff challenges the state court's findings and its ability to impose certain restrictions based on the findings, for Plaintiff to prevail, the Court would necessarily have to countermand the decisions of the Maine state trial court and the Law Court. [9]

---

[8] Plaintiff attached to his complaint a copy of a motion he filed in the Maine District Court, in which motion he sought leave to assert his Second Amendment challenge. (ECF No. 1-13/1-12.) The court granted the motion. (*Id.*) It is not clear from Plaintiff's filings whether the Court addressed Plaintiff's constitutional challenge. However, "[f]ederal courts' application of the *Rooker–Feldman* doctrine 'does not depend on what issues were actually litigated in the state court.'" *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (quoting *Maymo–Melendez v. Alvarez–Ramirez*, 364 F.3d 27, 33 (1st Cir. 2004)).

[9] Even if the Court had jurisdiction to consider the challenge to the firearm restriction, dismissal would be appropriate. To the extent Plaintiff contends the prohibition was not authorized by Maine law, the Law Court concluded otherwise. (Mem. Dec. dated March 6, 2018, ECF No. 1-17/1-16.) This Court does not have the authority to reverse or rescind the Law Court's decision on matters of state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938); *N.A. Specialty Ins. Co. v. Lapalme*, 258 F.3d 35, 38 (1st Cir. 2001) (in matters of state law, federal court is "bound by the teachings of the state's highest court"). Additionally, to the extent Plaintiff claims the prohibition violates federal law, specifically 18 U.S.C. § 922(g)(8), the cited federal law is a criminal statute that authorizes the federal government to prosecute persons for possessing firearms in violation of its terms. As noted above, the federal gun law does not prevent the states from engaging in firearm regulation. *Fletcher*, 851 F. Supp. 2d at 304. The federal law provides: "No provision of this chapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together." 18 U.S.C. § 927.

## C. Additional Grounds for Dismissal of Plaintiff's Claims against Pine Tree Legal Assistance and Heather Skolfield

Plaintiff has cited 42 U.S.C. § 1983 in support of his claims against Pine Tree Legal Assistance and Defendant Skolfield. To state a § 1983 claim, Plaintiff not only must identify a right protected by the Constitution, he must also assert the claim against a person or entity who can fairly be described as a state actor. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005); 42 U.S.C. § 1983. Plaintiff has not alleged facts that would support the necessary finding that Pine Tree Legal Assistance or Defendant Skolfield is a state actor. Plaintiff, therefore, has not asserted against either defendant an actionable claim within this Court's federal question jurisdiction under 28 U.S.C. § 1331. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").

In addition to the § 1983 claims, in his initial complaint, Plaintiff attempts to assert a state law claim for fraudulent misrepresentation against Defendant Skolfield. This Court's jurisdiction to consider state law claims ordinarily requires that the plaintiff and the defendants be of diverse citizenship and that the value of the state claim exceed $75,000. 28 U.S.C. § 1332. Because Plaintiff and Ms. Skolfield are both residents of the State of Maine, this Court does not have diversity jurisdiction. Although federal district courts can in certain cases exercise jurisdiction over state law claims between non-diverse parties based on pendent party jurisdiction under 28 U.S.C. § 1367, because Plaintiff has

not asserted a claim over which the Court has original jurisdiction, the Court's supplemental jurisdiction is inapplicable.

**Conclusion**

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss the complaints, and moot Plaintiff's ex parte motions for leave to file complaints, Plaintiff's motions for temporary restraining order, and Plaintiff's motion to combine federal cases.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of May, 2018.